UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES L. BEAVERS,

          Petitioner,

-vs-                                              Case No.  8:04-cv-2650-T-24EAJ

JAMES V. CROSBY, JR.,

          Respondent.
_____

**ORDER**

Before this Court is a pro se petition for writ of habeas corpus filed by Florida prisoner Charles L. Beavers challenging his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.  Respondent has responded to the petition (Doc. No. 9), and Petitioner has filed a reply, with exhibits (Doc. Nos. 13, 14).

BACKGROUND

Beavers was charged with burglary of a dwelling in circuit court case no. 00-02438. Represented by the Assistant Public Defender, Beavers proceeded to jury trial on March 12 and 14, 2001, and was found guilty as charged. On May 18, 2001, the state trial court sentenced Beavers to twenty years incarceration as a habitual felony offender.

Beavers appealed his conviction and sentence, arguing that the state trial court erred in denying his motion for judgment of acquittal. (Resp. Ex. 02). On June 19, 2002, the state district court of appeal per curiam affirmed the conviction and sentence in case no. 2D01-2841. Beavers v. State, 825 So. 2d 376 (Fla. 2d DCA 2002)[table]. Beavers did not seek certiorari review to the United States Supreme Court.

Beavers filed a pro se Rule 3.850 motion for postconviction relief dated January 27, 2003. On June 2, 2003, the Honorable J. Michael McCarthy summarily denied the Rule 3.850 motion. (Resp. Ex. 11). Beavers appealed the summary denial, and on April 2, 2004, the state district court of appeal per curiam affirmed the denial of postconviction relief in case no. 2D03-3126. Beavers v. State, 872 So.2d 903 (Fla. 2d DCA 2004)[table]. The mandate issued April 28, 2004. Beavers then timely filed the present federal petition for writ of habeas corpus.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland's two-part test requires a Petitioner to demonstrate that counsel's

performance was deficience and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

The issues have been fully briefed and the case is ready for decision. No evidentiary hearing is necessary because the record is fully developed and the claims of the Petition raise issues of law, not issues of fact. All of the claims lack merit and the Petition will be **DENIED**.

### Ground One

Beavers contends there was insufficient evidence to prove him guilty of the charged burglary. Claiming there was no direct evidence introduced at trial, Beavers asserts the state's evidence was circumstantial and did not exclude every reasonable hypothesis of innocence. This Court does not have subject matter jurisdiction does not lie to review Beavers' state-law-based arguments.

In Florida, when the state relies upon "purely circumstantial" evidence to convict an accused, the evidence not only must be consistent with the defendant's guilt but also be inconsistent with any reasonable hypothesis of innocence. Davis v. State, 703 So. 2d 1055, 1059 (Fla. 1997). Even in a purely circumstantial evidence case, as explained in State v. Law, 559 So. 2d 187 (Fla. 1989), the state is not required to rebut conclusively every possible variation of events that could be inferred from the evidence, but only to introduce competent evidence that is inconsistent with the defense's version or theory of events.

Barwick v. State, 660 So. 2d 685 (Fla. 1995), cert. denied, 516 U.S. 1097 (1996), but receded from only on the issue relative to writs of prohibition in Topps v. State, 865 So. 2d 1253 (Fla. 2004). Thus, if the state trial court determines that the state has presented legally sufficient evidence that is inconsistent with the defense's theory of events, it is the jury's duty to determine whether the circumstantial evidence is inconsistent with any reasonable hypothesis of innocence. Barwick, 660 So. 2d at 694.

Determination of whether the state's evidence is legally sufficient to survive an acquittal motion under state law is solely within the province of the Florida courts. Issues that present nothing more than issues of pure state law are immune from federal habeas review. See Francois v. Wainwright, 741 F.2d 1275, 1281 (11th Cir. 1984). Therefore, because ground one asserts a claim of error of state law, ground one is not cognizable on habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Even when a petition that actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

Moreover, Beavers' claim is procedurally barred because Beavers did not present his federal due process claim to the state courts at trial and on direct appeal. Although he sought a judgment of acquittal on state law grounds, he did not timely assert at trial and on appeal that the denial of the acquittal motion violated federal due process guarantees.

If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, the courts must be alerted to the fact that the prisoners are

asserting claims under the United States Constitution. Isaacs v. Head, 300 F.3d 1232, 1254 (11th Cir. 2001). If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Id. (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

In Beavers' case, the constitutional dimension of his sufficiency-of-the-evidence issue could and should, if at all, have been raised at trial and then on direct appeal. This Circuit has long recognized this aspect of Florida law. Sullivan v. Wainwright, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), cert. denied, 464 U.S. 922 (1983). Dismissal of this petition for Beavers' failure to exhaust state remedies is not appropriate because Beavers' claim would now be procedurally barred under state law. Coleman v. Thompson, 501 U.S. 722 (1991).

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation or that failure to consider such allegations will result in a fundamental miscarriage of justice. Id.; Wainwright v. Sykes, 433 U.S. 72 (1977).

The petitioner must present his allegations of cause to excuse a clear procedural bar in state court. Murray v. Carrier, 477 U.S. 478, 488 (1986). Cause must ordinarily be something external to the defense. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). To show prejudice, Petitioner must show "not merely that the errors at his trial

created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Beavers has not shown cause and prejudice to overcome the procedural bar and has not met the fundamental miscarriage of justice exception because Beavers does not raise a colorable claim of actual innocence. He has no new and reliable evidence of actual innocence.

### Federal Due Process Claim

To satisfy the constitutional requirement of due process in a criminal trial, the state must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. In re Winship, 397 U.S. 358, 364 (1970). When reviewing the sufficiency of the evidence under the AEDPA standard, the limited inquiry is whether it is objectively reasonable to conclude the evidence presented, viewed in a light most favorable to the state, would have permitted any rational trier of fact to find the petitioner guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 313 (1979); Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).

Although on habeas review, the state must show that each element of the offense was established beyond a reasonable doubt, Bishop v. Kelso, 914 F.2d 1468, 1470 (11th Cir. 1990) (citing Jackson, 443 U.S. at 316), the state is not required to rule out every hypothesis except that of the guilt of the defendant. Jackson, 443 U.S. at 326. The federal court will not reweigh the evidence. Jackson v. Virginia, 443 U.S. at 319. The trier of fact is responsible for fairly resolving conflicts in the testimony, weighing the evidence, and

drawing reasonable inferences from basic facts to ultimate facts. Id.  Although the facts as they exist in the record may support opposing inferences, a federal habeas corpus court must presume that the state trial court jury resolved such conflicts in favor of the prosecution and against Petitioner. See Heath v. Jones, 863 F.2d 815, 820 (11th Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1991). In other words, the federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence. Heath, 863 F.2d at 820 (citing Jackson, 443 U.S. at 326).

Beavers' case was not a purely circumstantial evidence case. The state introduced direct as well as circumstantial evidence linking Beavers to the burglary in progress which Mr. and Mrs. Brown, the victims, interrupted at their home. Based on the evidence introduced at trial, It is objectively reasonable to conclude the evidence was sufficient to establish that Beavers was guilty of committing the burglary for which he was charged.

Facts and Evidence

Beavers, a white male (Resp. Ex. 01, V 2 T 158), was inside the Browns' home when the Browns arrived home on the night of the crime. Mr. Brown noticed a vehicle he had never seen previously in the driveway. (V 2 T 121) He also saw what appeared to be an open flame moving about his son's room. Id. Brown approached the house with his firearm. Id. Beavers exited the Browns' home at the farthest side door, located on the back side of the house. (V 2 T 123-124, 151-153, 160)  It appeared Beavers was going toward the backyard, away from the direction of the parked car. (V 2 T 125) Mr. Brown apprehended him and had his wife call 911. (V 2 T 126)

Inside, the Browns discovered evidence of a burglary in progress. Drawers had been removed from their bedroom dresser; the contents were dumped onto the floor; the drawers were stacked on top of each other. (V 2 T 169, 172) In addition, a pillowcase had been removed from their bed and was found in their son's bedroom. The pillowcase was filled with items taken from other rooms throughout the house, including a metal tin of quarters that had been in the top drawer of their dresser, a new pair of tennis shoes still in the box, and a Nintendo game player.[1] (V 2 T 172-173) This testimony supported the state's contention that various items of value, which had been stuffed into a pillowcase, were left behind only because Beavers was caught in the act.

Beavers did not dispute at trial that he was inside the victims' house. Instead, his defense counsel suggested the only questions were what was Beavers doing in the house and what his actual intentions were. (Resp. Ex. 01, V 2 T 115) Defense counsel argued that "some other person" might have entered the victim's house, collected the items found stored in the pillowcase, and then fled when the family arrived home unexpectedly. (Resp. Ex. 01, V 2 T 241-244). During trial, Beavers' counsel called Charles Pitts, Beavers' cousin and an admitted felon, who testified he told Beavers he could stay at his house on Mayflower Street and that the door would be unlocked. (Resp. Ex. 01, V 3 T 273-275). Mr. Pitts lived next door to the Browns on Mayflower Street.

The state's evidence rebutted the notion that Beavers had inadvertently walked into the wrong house without intent to commit an offense in the darkened home. First, the

---

[1] Mrs. Brown was the last to leave the house that day; she did not leave her dresser drawers pulled out and emptied and did not place the metal coin box in her son's room. (V 2 T 172-175, 179)

Case 8:04-cv-02650-SCB-EAJ   Document 16   Filed 02/16/06   Page 9 of 17 PageID 141

victims, Mr. and Mrs. Brown, who were African Americans, confirmed that photographs of their four children had been displayed on the walls of their home and pictures of Mr. and Mrs. Brown were on the dresser in their bedroom. (Resp. Ex. 01, V 2 T 131, 176). This testimony showed Beavers had moved about private areas with clear indicia of occupants he did not know. Mrs. Brown also touched the hood of Beaver's car to see how long the car had been there; the hood was cold. (Resp. Ex. 01, V 2 T 178). This served to show Beavers had been inside the house long enough to know he did not belong there.

Furthermore, when the Browns arrived, they noticed a "flickering" light that moved around in their son's bedroom. Mr. Brown's testimony bears out that Beavers had not turned on lights. Instead, he walked around in the dark, possibly illuminating his path with a small match or lighter. That Beavers did not turn on lights while inside was compelling evidence that he had tried to remain inconspicuous.

In addition, the manner in which Beavers exited the darkened house constituted direct evidence rebutting the defense's theory that Beavers innocently believed he was only at his cousin's house. In addition, the fact that the pillowcase full of valuables was left behind was another strong indicator Beavers was thwarted when alerted to the victims' arrival.

Ground one is really a recap of Beavers' version of the facts, and after viewing the evidence in the light most favorable to the prosecution, the jury could have found the essential elements of the crime of robbery beyond a reasonable doubt. Jackson, 443 U.S. at 319. Accordingly, the state decision resulted in a reasonable application of Jackson and its progeny. Ground one does not warrant habeas corpus relief.

-9-

Ground Two

Beavers contends that his trial counsel rendered ineffective assistance. His allegations mirror his Rule 3.850 claims. Beavers does not make out a threshold showing under 28 U.S.C. § § 2254(d)(e). It is objectively reasonable to conclude, with regard to each of Beavers' claims of ineffective assistance of counsel, that he does not set forth a sufficient basis to meet both prongs of Strickland v. Washington, 466 U.S. 668 (1984).

In subclaim A of ground two, Beavers faults his trial counsel for not seizing upon the state trial judge's remarks to support the motion for judgment of acquittal. In denying Beavers' first rule 3.850 claim, the state trial court stated:

> In ground one, Defendant contends that his counsel was ineffective for failing to object [sic] this case going to jury based on the trial court's remarks. Specifically, Defendant asserts the Court said the evidence is "skinny" and if I were a betting man I would not put my money on it." The Court also stated there was "enough evidence to go the jury." Additionally, Defendant admits in his Motion his defense counsel did attack the sufficiency of the evidence throughout the entire trial and moved for a judgment of acquittal. Hence, Defendant will not be afforded relief on this ground.

(Resp. Ex. 11)

Where, as here, a state court's adjudication represents the resolution of an underlying state law issue, the Court owes a very high degree of deference to that determination. See Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984), modified, 731 F.2d 1486, cert. denied, 469 U.S. 956 (1984).

The silent affirmance of the summary denial of Rule 3.850 relief demonstrates that, as a matter of state law, the judge's remarks did not mandate a different conclusion on the acquittal motion. State courts are the final arbiters of state law, and federal habeas courts

should not second-guess them on such matters. <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1549 (11th Cir. 1997).

Even if Beavers' claim of defense counsel's ineffectiveness were construed as raising an underlying federal due process claim and also construed to be properly exhausted, it is objectively reasonable to conclude that Beavers did not demonstrate counsel was ineffective. At least one reasonably competent attorney could conclude the trial evidence governed the ruling on the acquittal motion, and that the trial judge's remarks as to the state's proof did not require a directed verdict on constitutional due process grounds, or otherwise.

This claim can be disposed of under the prejudice prong. It is objectively reasonable to conclude that even if defense counsel argued that the state trial court judge's comments required an acquittal, the state trial court judge <u>was not required</u> to grant a judgment of acquittal. Given that the state presented sufficient evidence from which a rational jury could find him guilty beyond a reasonable doubt, there was no reasonable probability of a different outcome had defense counsel performed as Beavers now proposes.

In subclaim B, Beavers faults his counsel for not striking juror Haber from the jury panel. Beavers claims that he told defense counsel before trial he did not want anyone who had been a victim of burglary to sit on his jury. He claims counsel was not paying attention when the juror indicated she had been a victim of nighttime burglary. Beavers claims that Haber's experience could have been a deciding factor in the verdict in his case. In denying the second claim of Beavers' Rule 3.850 motion, the state trial court held:

> In ground two, Defendant contends his trial counsel was ineffective for
> not striking juror Haber (who had been a victim of burglary in 1978 or 1979)

> from the jury pool. Specifically, Defendant asserts he would testify he did not hear juror Haber say she was a victim of burglary. However, the record establishes there were two separate discussions about juror Haber. Additionally, the Court asked, "is your client satisfied with the six-member panel? And trial counsel replied, "we accept." Hence, Defendant will not be afforded relief on this ground. . . . .

(Resp. Ex. 11)

Counsel's actions during voir dire are presumed to be matters of trial strategy. Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995). Beavers does not dispute he was present for the challenges to the prospective jurors, and his agreement, even if tacit, to the selected jurors, forecloses this claim.

Furthermore, Beavers' complaint regarding juror Haber does not set forth sufficient facts to show that no reasonably competent attorney would have foregone the proposed strike. See Turner v. State, 645 So.2d 444, 447 (Fla. 1994).

Moreover, it can be seen from remarks of Beavers' counsel at the conclusion of voir dire that counsel had concluded that juror Haber would be neutral. (V 1 T 81) Beavers' allegations do not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that defense counsel made all significant decisions regarding juror Haber in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689-690.

The claim fails scrutiny also under the Strickland prejudice prong. To show that a juror is biased, a defendant must show that the juror had such a fixed opinion that he or she could not judge impartially. See Patton v. Yount, 467 U.S. 1025, 1035 (1984). Beavers fails to show that juror Haber had a fixed opinion such that she could not judge impartially. Moreover, there is no indication in the state record from which to conclude that the jury

based its verdict on any matter other than the evidence introduced at Beavers' trial. Accordingly, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel exercised a challenge to juror Haber.

In subclaim C of ground two, Beavers faults his counsel for not impeaching Ms. Brown, the victim, with her deposition testimony, in which, according to Beavers, she did not mention smelling cigarette smoke as she did at trial. In denying the third claim of his Rule 3.850 motion, the state trial court held:

> In ground three, Defendant contends that his trial counsel was ineffective for not impeaching the victim Elaine Brown. Specifically, the Defendant asserts in Mrs. Brown's deposition she never mentioned she smelled smoke when entering the house but at trial, she said she smelled smoke when she entered the house and trial counsel did not impeach her for this inconsistent statement. The Court finds this was a strategic decision by trial counsel and the outcome based on this ground would not have changed the outcome of the proceedings. Further, the jury heard the testimony of the victim Mr. Brown that he saw the Defendant come out the back door of his house. Hence, Defendant will not be afforded relief on this ground. . . . .

(Resp. Ex. 11)

The state trial court's decision on Beavers' ground three was a reasonable application of Strickland under either prong. The relevant question about counsel's cross-examination is not whether counsel's choices were strategic, but whether they were reasonable. Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001) (citing Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000)). The presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial--for example, what witnesses he presented or did not present--were acts that some reasonable lawyer might do." Id.

At least one reasonably competent attorney could conclude that the proposed impeachment of Ms. Brown would not show any significant evidence of bias or inconsistency on her part. Beavers does not allege that Ms. Brown denied, in her deposition, smelling smoke when she entered the house. Moreover, one reasonably competent attorney could conclude the proposed impeachment might prove detrimental, by allowing the state to bring out, in redirect examination and/or closings, the point that Ms. Brown's recollection was consistent with her observation of a cigarette butt not attributable to her family members found near belongings gathered by the robber.

Beavers fails to show that even if counsel had performed as Beavers now proposes, Ms. Brown's testimony would have been "undercut in" any material regard. Given the state's evidence that sufficiently established Beavers was inside the victims' darkened home with criminal design, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel cross-examined the victim as proposed.

In subclaim D, Beavers faults his trial counsel for not objecting to testimony of Deputy Evans which Beavers contends amounted to improper references to other burglary cases.[2] In denying the sixth claim of Beavers' rule 3.850 motion, the state trial court held as follows:

> In ground six, Defendant contends that his counsel was ineffective for not objecting to Deputy Evans' testimony about other burglary cases. Trial counsel did cross-examine the deputy about this testimony. The Court finds the outcome based on this ground would not have changed the outcome of the proceedings. Hence, Defendant will not be afforded relief on this ground.

---

[2] These were not cases in which Beavers was involved. The Deputy testified about factual scenarios of other burglary cases.

(Resp. Ex. 11)

To the extent Beavers relies upon his evidentiary arguments raised in his Rule 3.850 motion, the state trial court decision resolves the issue that counsel did not overlook a meritorious evidentiary objection on state law grounds. It is not the province of a federal court to reexamine state-court determinations on state-law questions. Estelle v. McGuire, 502 U.S. 62, 68 (1991). A claim that an evidentiary ruling was allegedly incorrect under state law is not a basis for habeas relief. See id., at 72 ("Nor do our habeas powers allow us to reverse [a petitioner's] conviction based on a belief that the trial judge incorrectly interpreted the California Evidence Code in ruling that the prior injury evidence was admissible as bad acts evidence in this case.") [3]

Beavers cannot establish actual prejudice from the claimed ineffectiveness of his trial counsel. Even if the Deputy's testimony amounted to error under state law or constitutional scrutiny, the testimony did not have any substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). In light of the independent evidence of Beavers' guilt, there was no reasonable probability of a different outcome had counsel objected to the Deputy's testimony as Beavers has proposed.

In subclaim E, Beavers faults his trial counsel for not filing a motion in limine to preclude the state from arguing that his guilt could be inferred from his presence and flight

---

[3] See also, Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983)("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules").

from the scene. He also faults his counsel for not seeking special instructions regarding this issue.  In denying these claims, the state trial court held:

> In grounds, seven and eight, Defendant contends that his trial counsel was ineffective for not filing a motion in limine requesting [sic] and special jury instructions on flight and mere presence at the scene of a crime do not equal guilt. The Court finds these arguments are without merit. Hence, Defendant will not be afforded relief on these grounds. The Court finds the victims' testimony provided ample evidence to find the Defendant guilty of the charged crime and aids in refuting the Defendant's Motion in grounds 1 through 8. The victims testified they arrived home to find lights flickering in their darkened house. Additionally, they testified an unknown car was in their driveway and Mr. Brown saw the Defendant come out of their house and head for the backyard. Further, there was a pillowcase filled with valuable objects. The Court concludes looking at the totality of circumstances, trial counsel's performance did not fall below an objective standard and the outcome of the trial would not have been different based on grounds 1 through 8. . . . .

(Resp. Ex. 11).

Because Beavers bases his claims on state law arguments, Beavers cannot establish any constitutional deficiency in counsel's performance with regard to these state law matters.

Furthermore, the claim also fails under the Strickland prejudice prong. Beavers does not show that the Florida trial court was obliged to grant the proposed limine motion or to give jury instructions as Beavers now proposes. It is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel moved for a limine order or for instructions to the jury in light of the compelling evidence of Beavers' guilt of the charged burglary.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Beavers' petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Beavers and to close this case.

ORDERED at Tampa, Florida, on February 16, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Charles L. Beavers